**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dale Joseph Burke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:12-cv-131 |
| North Dakota Department of Corrections | ) | |
| and Rehabilitation, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 15, 2014, Plaintiff Dale Joseph Burke ("Burke") filed a "Motion [for] Additional . . . Interrogatories." For the reasons set forth below, the motion is denied without prejudice.

**I.    BACKGROUND**

Paragraph 11 of the court's February 25, 2015, scheduling order provide in relevant part that "[e]ach party shall serve no more than 25 interrogatories, including subparts." (Docket No. 60). On May 15, 2015, Burke filed a motion requesting leave to serve each named defendant with 25 interrogatories "after [he] has completed discovery and been able to view all discovery materials sought by defendants." (Docket No. 80).

On May 16, 2014, Defendants North Dakota Department of Corrections and Rehabilitation, Dr. Jeff Hostetter, Jean Sullivan, Dr. John Hagan, Jessica Wilkins, Pat Branson, Dave Krabbenhoft, Robyn Schmalenberger, and Leann Bertsch (hereinafter collectively referred to the "State Defendants") filed a response in opposition to Burke's motion. They aver that the additional interrogatories requested by Burke are unnecessary, unwarranted, and unduly burdensome. They further aver that the Burke's request is premature in light of his admission that he has yet to review

1

of the medical records.

## III. DISCUSSION

Fed. R. Civ. P. 33(a)(1) provides in relevant part that a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." A literal reading of this rule permits any party to serve up to 25 interrogatories on any other party. See Fed. R. Civ. P. 33(a)(1); see also St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff."); Madison v. Nesmith, 2008 WL 619171, *3 (N.D.N.Y.2008) ("Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories on each of the three defendants."). That being said, the court " is given wide discretion to enlarge, or place limitation upon, the number of interrogatories in any given case." Ybanez v. Milyard, 10–cv–2234–RBJ–MJW, 2012 WL 1936557 at * 2 (D. Colo. May 29, 2012); see also United States v. Louisiana, No. 11–470–JJB, 2012 WL 832295 at *4 (M.D. La. March 9, 2012) ("Rule 26(b)(2)(A) expressly permits a court to 'alter the limits in these rules on the number of ... interrogatories' as well as 'limit the number of requests under Rule 36.' These Rules provide relatively little guidance to judges on the standards to be employed. This grants them wide latitude wide latitude to make discovery rulings based on their impressions on a variety of topics . . . .").

The court agrees with the State Defendant's assessment that Burke's motion is premature. Burke has acknowledged that he is still in the process of reviewing discovery. Thus, he has yet to consider how many interrogatories he actually needs or to whom these interrogatories will be directed.

In any event, Burke has not presented anything to the court to justify the service of 25

interrogatories on each State Defendant. The States Defendants are being represented by the same attorney and appear to be nominally separated. Absent anything else from Burke, they may be considered as one party for purposes of the 25-interrogatory limit. See Fernandez v. North Dakota, No. 1:12-cv-161, 2013 WL 6491387, at * 2 (D.N.D. Dec. 9, 2013) ((citing Vinton v. Adams Aircraft Ind., Inc.,232 F.R.D. 650, 664 (D. Colo. 2005); Perez v. Wis. Dept. of Corr., No. 04-C-1062, 2007 WL 1062247 at *1 (E.D. Wis. April 5, 2007) (concluding that, for purposes of computing the number of interrogatories one can serve, its local rules contemplated that parties represented by one attorney or agency are regarded as one party)).

### III. CONCLUSION

Burke's "Motion [for] Additional . . .Interrogatories" (Docket No. 80) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2014.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court