**IN THE UNITEBD STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dale Joseph Burke, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota Department of Corrections | ) | |
| and Rehabilitation, et. al., | ) | Case No. 1:12-cv-131 |
| | ) | |
| Defendants. | ) | |

Before the court is a "Motion for Preliminary Injunction" filed by the plaintiff, Dale Joseph

Burke ("Burke"), on May 5, 2014. Judge Hovland has referred the motion to the undersigned for

preliminary consideration. For the reasons set forth below, the undersigned recommends that the

motion be denied.

**I.    BACKGROUND**

Burke filed a "Motion for Preliminary Injunction" on May 5, 2014. He asserts that

defendants are continuing to retaliate against him for initiating the above-entitled action by denying

him timely treatment for his most recent medical issues, several of which he worries are life

threatening.[1] He also advises that he suffers from a polyester allergy and could develop "contact

dermatitis" if forced to wear clothing made of polyester fiber.[2] He asks that the court convene a

---

[1]According to Burke, he lost focus in his eyes on April 2, 2014 (which he worries is a sign of a stroke, a brain
hemorrhage, other neurological problems, or macular degeneration), unexpectedly lost over 35 pounds in the last two
months (which he worries may be indicative of cancer or other serious illness), injured his knee on December 27, 2013,
suffers from bleeding hemorrhoids, and is producing dark tarry stools (which he worries may be the result of internal
bleeding). (Docket No. 75).

[2]Notably there is nothing in the motion to indicate that Burke has been forced to wear any garments containing
polyester fiber or that he has in fact developed "contact dermatitis."

hearing, review his medical records, and order defendants to treat his various medical conditions.

Defendants filed a response in opposition to Burke's motion on May 7, 2014. They assert Burke's motion is improper because it relates to medical conditions and care unrelated to his underlying claims.

Burke filed a reply to defendants' response on defendants' response on May 15, 2014. He reiterates his belief that defendants are retaliating against him for initiating the above-entitled action by refusing him treatment. He further avers that defendants conduct constitutes a continuing tort. As the motion has now been fully briefed, it is ripe for this court's consideration.

## II. <u>DISCUSSION</u>

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." <u>Devos v. Herrington,</u> 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing <u>Dataphase Sys., Inc., v. C L Sys., Inc.,</u> 640 F.2d 109, 113 & n. 5 (8th Cir.1981)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." <u>Id.</u>

Burke's instant motion has nothing do with preserving the district court's decision-making power over the merits of his underlying claims. Rather, the motion is based upon new assertions of retaliation. While such assertions may support additional claims against defendants in a separate action, it is well settled that they do not constitute a basis for the issuance of a preliminary injunction in this action. <u>See id.</u> (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the inadequate medical care claims in his § 1983 complaint); <u>see also Guillen v. Thompson,</u> No. CV 08–1279, 2009 WL 2513501 at *6-7 (D. Ariz. Aug. 14, 2009)

(denying in inmate's requesting for a preliminary injunction that was based in part on new allegations of retaliation). His motion should therefore be denied. If Burke wishes to pursue his claims of retaliation set forth in his motion, he can file another complaint subject to requirements of the Prison Litigation Reform Act of 1995.

## III.  CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the court **DENY** Burke's "Motion for Preliminary Injunction" (Docket No. 75).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 20th day of May, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge